IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY J. BRODZKI,

                                                       OPINION AND ORDER

                Plaintiff,

                                                      11-cv-248-slc[1]

      v.

STATE OF WISCONSIN and
STATE PATROL CHIEF,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Anthony J. Brodzki, a resident of Texas, has filed a proposed complaint under 42 U.S.C. § 1983. Because he is proceeding <u>in forma pauperis</u> under 28 U.S.C. § 1915, I must screen his complaint to determine whether it states a claim upon which relief may be granted. Having reviewed the complaint, I conclude that it must be dismissed because plaintiff has not provided fair notice of his claims.

      Plaintiff's complaint includes two separate narratives, both little more than a paragraph. The first is handwritten and barely legible; the second is typed. The gist of both narratives seems to be that "the state patrol . . . forced" him to "leave" Wisconsin on three

---

[1] I am exercising jurisdiction over this case for the purpose of this order.

occasions. The circumstances surrounding these incidents are murky, but they seem to involve allegations that plaintiff is a pedophile. He asks for $5,000,000 and an injunction to stop "all hostility . . . electronically and personally against" him.

Plaintiff's complaint has multiple problems. First, it is not clear what plaintiff believes defendants did to violate his rights or what rights he believes they violated. With respect to federal law, he lists "42 usc 1983" as one of his legal theories, but that statute "is not an independent source of tort liability; . . . [it is] a means of vindicating rights secured elsewhere," usually in the Constitution. Narducci v. Moore, 572 F.3d 313, 318-19 (7th Cir. 2009). Plaintiff refers to his "constitutional rights of pursuing happiness," but the "pursuit of happiness" is not one of the rights enumerated in the Constitution. The Declaration of Independence identifies the pursuit of happiness as an "inalienable right," but "the Declaration of Independence is not binding law and cannot be enforced in the context of a § 1983 action." Borzych v. Frank, No. 06-C-475-C, 2006 WL 3254497, *8 (W.D.Wis. Nov. 9, 2006).

A failure to identify a proper legal theory does not necessarily require dismissal of the complaint. Hatmaker v. Memorial Medical Center, 619 F.3d 741, 743 (7th Cir. 2010); However, the facts alleged in the complaint must support a claim under *some* legal theory. Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992). In this case, plaintiff's allegation that defendants have "forced" him to "leave" Wisconsin may suggest

2

that he intends to bring a claim for a violation his right to travel to other states, which courts have held is protected by various provisions in the Constitution. Saenz v. Roe, 526 U.S. 489, 498-504 (1999) (privileges and immunities clause of Article IV); Schor v. City Of Chicago, 576 F.3d 775, 780 (7th Cir. 2009) (due process clause).

If plaintiff intends to bring a claim for a violation of his constitutional right to travel, he has not included enough facts in his complaint to satisfy Federal Rule of Civil Procedure 8, which requires plaintiffs to provide fair notice of their claims. To begin with, plaintiff does not explain what he means when he says that state patrol officers have "forced" him to leave the state. The only example plaintiff provides is his allegation that "the state patrol . . . called me on my cell phone and told me I was an undocumented pedophile . . . and was not welcome in this state." However, the right to travel does not protect a person from unpleasant conversations. Rather, it prohibits "direct impairment" of interstate travel. Chavez v. Illinois State Police, 251 F.3d 612, 649 (7th Cir. 2001). It is impossible to tell from plaintiff's complaint whether anyone has imposed such an impairment on him. Further, if plaintiff is on parole, this would mean that his "right to travel is extinguished for the entire balance of [his] sentenc[e]." Williams v. Wisconsin, 336 F.3d 576, 581 (7th Cir. 2003).

The right to travel also prohibits discrimination with respect to the "privileges and immunities" that citizens of the state receives, but this relates to "'discrimination against

3

citizens of other States where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States.'" Saenz, 526 U.S. 489, 502 (quoting Toomer v. Witsell, 334 U.S. 385 (1948)). If defendants were treating plaintiff differently because of a belief that he is a sex offender (rather than because he is a not a Wisconsin resident), this aspect of the right would not be implicated.

Another potential legal theory is the Fourth Amendment, which protects against "unreasonable searches and seizures." However, I cannot infer reasonably from plaintiff's allegations that any law enforcement officer arrested plaintiff without probable cause or even detained him.

Plaintiff lists a number of theories under state law, such as "assault," "battery," "defamation" and "slander." (He also uses the phrase "false imprisonment of the mind," but that is not a claim recognized under Wisconsin law.) Again, however, plaintiff does not include any allegations in his complaint suggesting that any officer touched him or disseminated false information about him. In particular, plaintiff does not explicitly deny that he is a sex offender and he does not suggest that any defendant discussed the matter with a third party. Ladd v. Uecker, 2010 WI App 28, ¶ 8, 323 Wis. 2d 798, 805, 780 N.W.2d 216, 219 (elements of defamation claim include "a false statement" that is "communicated by speech, conduct or in writing to a person other than the one defamed").

Other problems with the complaint relate to the defendants plaintiff has named.

4

With respect to any claims against the state of Wisconsin for violations of the Constitution, such claims must be brought under 42 U.S.C. § 1983, a statute that applies only to "persons." Because the Supreme Court has concluded that states are not "persons" within the meaning of the statute, Wisconsin may not be sued. Will v. Michigan Dept. of State Police, 491 U.S. 58, 65-66 (1989). Similarly, the state has immunity from any state law tort claims. Fiala v. Voight, 93 Wis. 2d 337, 342, 286 N.W.2d 824, 827 (1980) (state cannot be sued under state law without authorization of state legislature); Brown v. State, 230 Wis. 2d 355, 363, 602 N.W.2d 79, 84 (Ct. App. 1999) (legislature has not waived sovereign immunity with respect to tort claims generally).

With respect to plaintiff's claim against the "State Patrol Chief," ordinarily, a pro se plaintiff is not prohibited from filing a lawsuit even if he does not know the name of a particular defendant. Duncan v. Duckworth, 644 F.2d 653, 655-56 (7th Cir. 1981). However, the title of "State Patrol Chief" does not exist. Even if I assume that plaintiff meant to name the superintendent of the Wisconsin State Patrol or another high-ranking official, plaintiff fails to explain what that person may have done to violate his rights. High ranking officials may not be held liable under 42 U.S.C. § 1983 simply because they supervise other employees who may have violated the plaintiff's constitutional rights. "Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." Burks v. Raemisch, 555 F.3d 592, 593-94 (7th Cir.

2009). Plaintiff says that the "boss" of the state patrol "knowingly allowed this to happen . . . by his policy of action and inaction," but plaintiff does not identify the policy to which he is referring or even describe what the "boss" allowed to happen or how he allowed it to happen.

Accordingly, I am dismissing plaintiff's complaint. If he wishes to proceed further, he will have to file an amended complaint that gives adequate notice of his claims, using allegations that are specific enough to raise his claim above the level of speculation. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009); Riley v. Vilsack, 665 F. Supp. 2d 994, 997 (W.D. Wis. 2009). In its current form, plaintiff's complaint is written as if the reader is already fully aware of his dispute. That was a mistake. In redrafting his complaint, plaintiff should view the exercise as telling a story to people who know nothing about his situation. Someone reading the complaint should be able to answer the following questions:

- What are the *facts* that form the basis for plaintiff's claims?
- What did each defendant do that makes him liable for violating plaintiff's rights?
- How was plaintiff injured by defendant's conduct?

More specifically, plaintiff should describe what each defendant did to "force" him out of the state on each of the three occasions that he says this occurred. He may not speak generally about the "state patrol"; he must describe the actions of each individual defendant. In addition, plaintiff should include as much background as possible to help the court

6

understand his claim. For example, it would be helpful for plaintiff to explain why he was traveling to Wisconsin, whether he is on probation or parole and, if so, for what crime, whether he has any restrictions on his travel as part of a court order or condition of release, how he came into contact with the state patrol officers on each visit, what happened after they made contact with him, what he did in response to the officers' actions and why he left Wisconsin at the end of each visit.

If plaintiff believes that a supervisory official has a policy that caused a constitutional violation, he should identify the policy and the evidence he has that the official has such a policy. In addition, he should explain *how* the policy caused the alleged violation.

If plaintiff wishes to sue parties whose names are unknown to him, he still must identify what each person's involvement in the alleged violations were. That is, he should treat the unnamed defendants the same as any named ones, with the exception that he should refer to the unnamed defendants as "John Doe" or "Jane Doe" and include them in the caption. Each John or Jane Doe should be identified by number.

Finally, if plaintiff chooses to file an amended complaint, I encourage him to type the complaint or to handwrite it more carefully. Plaintiff's handwriting is nearly impossible to read. If the court cannot read the complaint, it will be dismissed.

ORDER

IT IS ORDERED that plaintiff Anthony Brodzki's complaint is DISMISSED for plaintiff's failure to provide fair notice of his claims as required by Fed. R. Civ. P. 8. Plaintiff may have until May 10, 2011, to file an amended complaint that complaint that complies with the federal rules. If plaintiff does not respond by May 10, the clerk of court is directed to close the case.

Entered this 26th day of April, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge