IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY J. BRODZKI,

                                                                                OPINION AND ORDER

                Plaintiff,

                                                                                  11-cv-248-slc[1]

     v.

STATE OF WISCONSIN and
STATE PATROL CHIEF,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Anthony Brodzki has filed an amended complaint in response to this court's April 26, 2011 order in which I screened his complaint under 28 U.S.C. §§ 1915 and 1915A. In that order, I dismissed the complaint because plaintiff did not provide fair notice of his claims, as required by Fed. R. Civ. P. 8. In particular, plaintiff alleged that "the state patrol . . . forced" him to "leave" Wisconsin on three occasions, but he failed to explain what any particular officer did to violate his rights.

      Unfortunately, plaintiff's amended complaint is not an improvement. He includes more allegations, but most of this information is "background" about experiences in his

---

[1] I am exercising jurisdiction over this case for the purpose of this order.

1

childhood and in states outside Wisconsin. He still fails to identify actions of any particular individual who violated his rights. To the extent he is more specific about what officers did to "force" him to leave Wisconsin, those allegations do not help his case. Several times, plaintiff says that he was "turned back" to Minnesota as he was traveling through Wisconsin. The only elaboration plaintiff provides is that "electronic dispatch" equipment was used. Plaintiff seems to believe that law enforcement officers all around the country are using this equipment against him and have been doing so for years in an effort to torment him without cause. Although he admits that he has difficulty describing the equipment, he says that it is "premised on home monitoring systems. But the computer actually sends sounds waves to you." At another point, he says that "neurophones from dispatch centers" are used to "continually blow condescending comm[en]ts at me."

These allegations are similar to the ones that courts have rejected in the past as too incredible to believe. E.g., Gladney v. Pendleton Correctional Facility, 302 F.3d 773, 774 (7th Cir. 2002) (affirming dismissal of complaint in which plaintiff alleged that "on numerous occasions over a span of three years unnamed guards at three different prisons unlocked the door to the plaintiff's cell while he was asleep, allowing inmates to come in and drug and sexually assault him"); Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000) (affirming dismissal of complaint in which plainitff alleged that the United States and China conspired to "bio-chemically and bio-technologically infect and invade" various people including

2

plaintiff with mind reading and mental torture device). Plaintiff's allegations seem even more delusional when viewed in the larger context. Included as "background information" are allegations that, over a four year period, the Chicago Police Department entrapped him into having sex with various women and that he "recently remembered" that police have been hooking him up to "disorientation equipment" since he was seven years old.

According to the federal judiciary's electronic docketing system (PACER), plaintiff has filed 87 lawsuits in federal court since 2009, many of which involve bizarre allegations similar to those alleged in this case. E.g., Brodzki v. Ohio, 2011 WL 1532026, *1 (N.D. Ohio 2011) (alleging that the "state patrol has impeded me, forced me to leave the state, on recent visits, called me on My cell phone and told me I was an undocumented pedophile and pulled my penis out in public place and was not welcome in the state"); Brodzki v. New York, 2011 WL 1675268, *1-2 (N.D.N.Y. 2011) (alleging that "at some unknown date, [he] was impeded by some unknown 'state patrol' while [he] attempted to visit an unidentified state"); Brodzki v. United States, 2011 WL 693348, *1 (D. Mont. 2011) (suing FBI for "false imprisonment, enslavement, battery, 'psychops,' and allowing a police department to torture and water board Mr. Brodzki since April 2007"); Brodzki v. Fox News, 2010 WL 5150202, *2 (D. Del. 2010) (alleging that television broadcasters on multiple occasions "singled plaintiff out and insulted him" and "made references to tortious events committed against plaintiff in his youth"); Brodzki v. North Richland Hills Police Dept.,

3

2010 WL 1685799, *2 (N.D. Tex. 2010) (alleging that he was "peeking through a Police Department window" and saw "someone inside the Police Department looking at pictures of him being abused"); Brodzki v. FBI-Dallas, 2009 WL 4906877, *3 (N.D. Tex. 2009) (asking for writ of mandamus "to compel the FBI to turn off electronic equipment installed in Nevada"). All of these cases were dismissed. One court has noted that plaintiff has been sanctioned by district courts in Illinois and Texas for filing frivolous lawsuits. Brodzki v. CBS Sports, 2011 WL 1327122, *2 (D. Del. 2011).

    In any event, plaintiff's allegations still fail to comply with federal pleading rules because he does not identify particular actions of particular individuals who violated his rights. In addition, he does not explain how the equipment he identifies is keeping him out of Wisconsin or why he believes any Wisconsin official is responsible. Particularly because of the fantastic nature of his allegations, he must include enough specific facts to raise his claim above the level of speculation. Riley v. Vilsack, 665 F. Supp. 2d 994, 1003 (W.D. Wis. 2009) (heightened pleading requirement appropriate "when the theory of the plaintiff seems particularly unlikely"). See also Cooney v. Rossiter, 583 F.3d 967, 971 (7th Cir. 2009) ("[T]he plaintiff must meet a high standard of plausibility" when alleging "a vast, encompassing conspiracy").

    Accordingly, I am dismissing the complaint. Because plaintiff has given no indication that he can file a complaint that complies with Rule 8 or states a claim upon which relief

4

may be granted, the dismissal will be with prejudice.

## ORDER

IT IS ORDERED that plaintiff Anthony Brodzki's complaint is DISMISSED for his failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 18th day of May, 2011.

                                                     BY THE COURT:
                                                    /s/
                                                    BARBARA B. CRABB
                                                    District Judge